539 A.2d 65

Richard Utegg, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 24, 1987, to Judges MACPHAIL, BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Frederick I. Huganir*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, March 24, 1988:

Richard Utegg (petitioner) appeals from an order of the Board of Probation and Parole (Board) dismissing his request for administrative relief as being untimely.

On June 18, 1985, private attorney Charles Rector (Rector) entered a written appearance before the Board on behalf of the petitioner and represented him at a revocation hearing held on that date. Following that hearing, the Board entered an order on July 8, 1985 which ordered petitioner to be recommitted as a convicted parole violator, when available, to serve nine months of backtime for the offense of driving under the influence. This order was mailed to both the petitioner and Rector on July 17, 1985.

Rector, on July 8, 1985, entered a second written appearance before the Board on behalf of the petitioner and represented him at a violation hearing which began on that date and concluded on July 26, 1985. Thereafter, the Board entered an order on August 23, 1985, recommitting the petitioner as a technical parole viola-

tor, when available, to serve his unexpired term for violating parole condition # 6, a special parole condition, by consuming alcohol and failing to attend out-patient alcohol counselling. This order was mailed to both the petitioner and Rector on September 18, 1985. It was later remailed to the same individuals on November 22, 1985.

On August 20, 1985, Rector entered a third written appearance before the Board on behalf of the petitioner and represented him at a revocation hearing which was held on that date. Following this third hearing concerning the petitioner, the Board, on October 14, 1985, entered an order recommitting petitioner as a convicted parole violator, when available, to serve three months of backtime for another conviction for driving under the influence. This order was mailed to both Rector and the petitioner on November 29, 1985.

On December 19, 1985, although Rector had not withdrawn his appearance before the Board, petitioner filed with the Board a pro se request for administrative relief from the order entered on October 14, 1985. By an order dated January 23, 1986, the Board denied petitioner relief from the order. Petitioner then, on or about February 27, 1986, filed a pro se petition for review in this court docketed at No. 430 C.D. 1986. He failed to identify in this petition the order from which he sought review. This Court appointed the Public Defender of Cumberland County (P.D.) to represent the petitioner in connection with the petition for review. Subsequently, the P.D., on behalf of the petitioner, filed a brief in which all three of the above mentioned recommitment orders were challenged. This Court, however, in ruling upon the appeal, entered an opinion and order affirming them.

Meanwhile, the Board, on April 11, 1986, entered an order which listed the recomputed maximum dates

and reparoled dates for the two sentences to which petitioner has been recommitted as a convicted parole violator by the orders entered on July 8, 1985 and October 14, 1985. This order was mailed to both the petitioner and Rector on May 7, 1986. It was not, however, mailed to the P.D. Thereafter, the P.D., on July 3, 1986, filed a request for administrative relief from said order on behalf of the petitioner. This request was dismissed by the Board on July 10, 1986 as being untimely. This appeal then followed.

Clearly, the request for administrative relief from the April 11, 1986 order, having not been received by the Board within thirty days from the date it was mailed, was untimely. *Maldonado v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 576, 492 A.2d 1202 (1985). Petitioner, however, contends that the Board should have permitted him to request administrative relief nunc pro tunc because the P.D. was not provided with a copy of the order. Judicial extensions of time for taking an appeal, however, will not be granted in the absence of fraud or an equivalent such as negligence on the part of administrative officials. *Moore v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 527, 503 A.2d 1099 (1986). We are unable to find fraud or its equivalent here.

Petitioner's reliance on *Moore* is misplaced. In that case, the parolee did not receive a copy of the order from which he sought administrative relief until the appeal period had run because it had been mailed to the wrong prison. Also, a copy of the order was not sent to the attorney in the Public Defender's office which had represented the parolee during the proceedings. Thus, it could not be said that parolee had notice of the entry of the order either by reason of personal service of a copy or because his counsel had received a copy. Here, however, there has been no assertion by the petitioner

that the copy of the order entered on April 11, 1986 was mailed to him at the wrong address and that, as a result thereof, he personally did not receive a copy of the order in a timely manner. Rather, it appears that petitioner had actual notice of the entry of the order prior to the expiration of the thirty day period within which he was required to file an administrative appeal.

In addition, it does not appear that the Board had an obligation here to provide the P.D. with a copy of the April 11, 1986 order. The P.D. had only been appointed by this Court for the purpose of representing the petitioner in connection with the appeal docketed at No. 430 C.D. 1986 and had not entered his appearance on behalf of the petitioner with the Board prior to filing his request for administrative relief from the April 11, 1986 order.

For these reasons, it is the conclusion of this Court that the Board's failure to mail a copy of the order, from which petitioner sought administrative relief, to the P.D. does not constitute grounds for the allowance of an administrative appeal nunc pro tunc. Accordingly, the order of the Board dismissing the petitioner's request for administrative relief is affirmed.

## ORDER

NOW, March 24, 1988, the order of the Pennsylvania Board of Probation and Parole dated July 10, 1986, at No. 8837H, is hereby affirmed.