# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leroy Riley,                              :
                    Petitioner            :
                                          :
          v.                              :    No. 1026 C.D. 2015
                                          :    SUBMITTED: November 25, 2015
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                          **FILED: May 4, 2016**


          Leroy Riley (Riley) petitions this Court for review of an order of the Pennsylvania Board of Probation and Parole (Board), which reparoled him "automatically without further action of the Board" on June 30, 2015.[2] We affirm.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] We note that Riley's brief in this Court was filed on October 4, 2015, and the Board's brief was filed on November 5, 2015. While neither party argues that this case should be dismissed as moot, the Board notes in a footnote that "Riley is no longer being held on the technical parole violation" but "is currently being detained pending disposition of the new criminal charges filed in the Court of Common Pleas of Montgomery County…." Board's brief at 4.

According to the Board, Riley is currently incarcerated at the State Correctional Institution at Graterford. On January 9, 2004, he was convicted of robbery and received a six- to fifteen-year sentence. Certified Record (CR) at 1. His controlling minimum date for this sentence was December 21, 2008, and his controlling maximum date was December 21, 2017. *Id.* The Board paroled Riley to a specialized community corrections center on July 16, 2009, CR at 11, imposing certain conditions on his release, including that he not leave the Philadelphia District without prior written permission of the parole supervision staff (*i.e.*, Condition #1). CR at 8-10. On December 31, 2014, the Cheltenham Township Police Department, located in Montgomery County, Pennsylvania, arrested Riley on new criminal charges. CR at 13, 18.

The Board lodged a detainer against Riley and charged him with violating Condition #1 because he did not have permission to travel to Montgomery County. CR at 12-13, 18. On January 2, 2015, Riley signed a "Waiver of Violation Hearing and Counsel/Admission Form," whereby he waived his right to preliminary and violation hearings, as well as to counsel at those hearings. Riley also admitted to violating Condition #1. CR at 14.[3]

By notice mailed February 3, 2015, the Board informed Riley of its January 29, 2015, decision to recommit him as a technical parole violator for six months due to his violation of Condition #1. CR at 32-34. The Board stated, *inter alia*: "You are reparoled automatically without further action of the Board on

---

[3] Even so, he wrote under the "additional information" section of the waiver form that, *inter alia*, Cheltenham Township is directly across the street from his home in Philadelphia. *Id.* We note that the waiver form specifically provides that Riley's admission to violating Condition #1 is binding and may be withdrawn only if he submitted a written withdrawal within ten calendar days.

6/31/2015, pending resolution of outstanding criminal charges . . . ." CR at 32. The Board also detained Riley pending disposition of the new criminal charges. *Id.* Thereafter, the Board, on March 17, 2015, modified its earlier action to read: "You are reparoled automatically without further action of the Board on 6/30/2015 . . . ." CR at 35.[4] This notice also provided, *inter alia*, that the rest of the Board's action "remains the same." *Id.*

On April 17, 2015, Riley filed an administrative appeal with the Board, asserting that he was not outside of the Philadelphia District when he was arrested. He also asserted that he did not mean to waive any argument that he did not violate Condition #1, although he did not specifically challenge the June 30, 2015, reparole date. CR at 36-46. By decision mailed May 14, 2015, the Board treated Riley's petition as seeking relief from the February 3, 2015, notice of board action revoking his parole; thus, it deemed his request untimely because it was outside of the thirty-day window set forth in 37 Pa. Code § 73.1 (relating to "Appeals and petitions for administrative review"). CR at 47. Riley then filed his petition for review with this Court.

On appeal here, Riley now queries: (1) whether the Board sufficiently established that he violated Condition #1 of his parole; and (2) whether his request for administrative relief was filed in a timely manner. For purposes of clarity, we will address Riley's second issue first.

According to Riley, pursuant to 37 Pa. Code §73.1, he has the right to request relief from any Board order or action and his right to appeal is evident here because the Board's order mailed February 3, 2015, fundamentally differed from its more recent March 17, 2015, order, thus rendering his appeal from the March

_____

[4] We take judicial notice that there are only thirty calendar days in the month of June.

order timely. In this vein, Riley argues that the former order recommitted him for six months with no specific reparole date, while the latter order provided for his automatic reparole on June 30, 2015. Riley's argument, however, is unavailing. Contrary to his assertion, the original Board order set forth a specific, automatic reparole date of June 31, 2015; the more recent Board order recalculated the date of his automatic reparole as June 30, 2015, one day *earlier*. The Board's March 17, 2015, order clearly sought only to clarify the start of Riley's automatic reparole, since the first order referenced a date which does not exist. The law is clear that "an administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Comp. Bd. of Rev.*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973). Notably, Riley does not argue that the Board failed to afford him adequate notice and explanation before recalculating his automatic reparole date. Thus, we agree with the Board that Riley's petition for administrative relief, being outside of the thirty-day review period, was untimely.[5]

Our result is bolstered by the fact that, in his petition for administrative relief, Riley admittedly sought to challenge the Board's determination that he violated Condition #1 of his parole, *i.e.*, that he left the Philadelphia District without proper permission. Nevertheless, the March order did not address with the specificity of the first order the underlying issue of Riley's recommitment for the technical parole violation. Since Riley did not assert in his

---

[5] Where a prisoner fails to meet the thirty-day appeal deadline, the Board is without jurisdiction to entertain the appeal and must dismiss it as untimely. *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). Furthermore, Riley does not argue fraud or its equivalent. *Utegg v. Pa. Bd. of Prob. and Parole*, 539 A.2d 65, 66 (Pa. Cmwlth. 1988).

request for relief with the Board that the June 30, 2015, reparole date was calculated incorrectly, we are satisfied that he could not have prevailed even if his appeal had been timely.[6]

Accordingly, we affirm.

                                    _____

                                    **BONNIE BRIGANCE LEADBETTER,**
Judge

---

[6] *See Woodard v. Pa. Bd. of Prob. and Parole*, 582 A.2d 1144, 1145-47 (Pa. Cmwlth. 1990) (wherein we held that the petitioner had waived the issues relating to a final, appealable recommitment order and could not properly raise the same issues in a timely appeal of the Board's recalculation order).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Leroy Riley,                                             :
                    Petitioner              :
                                      :
            v.                                   :     No. 1026 C.D. 2015
                                        :
Pennsylvania Board of Probation           :
and Parole,                                          :
                    Respondent            :

# **O R D E R**

       AND NOW, this 4th day of May, 2016, the order of the Pennsylvania Board of Probation and Parole is hereby affirmed.

 

                                         _____

                                         **BONNIE BRIGANCE LEADBETTER,**
                                         Judge