Stanley E. WHEELER, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 8, 2004.

Decided Nov. 17, 2004.

Christian A. Lovecchio, Williamsport, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Stanley Wheeler petitions for review of a letter written by the District Director of the Williamsport District Office of the Pennsylvania Board of Probation and Parole (Board) denying his request to revoke a special parole condition that he "not contact or associate with Deborah Lindenmuth [1] except as permitted, in writing, by parole agent—Mandatory." [2] On appeal, Wheeler asserts that the Board abused its discretion by failing to revoke the condition.[3]

█ In response to Wheeler's petition for review, the Board has filed a Motion to Dismiss for Want of Jurisdiction in the Unified Judicial System, which is also before us for disposition. In its motion, the Board asserts, *inter alia,* that the letter is not an "adjudication," and, therefore, is not subject to appeal. Because we agree with the Board that the District Director's letter is not an "adjudication" and, therefore, not subject to any right of appeal, we grant the Motion to Dismiss.

█ Article V, Section 9 of the Pennsylvania Constitution of 1968 provides for a right of appeal from an administrative agency to a court of record. However, this provision does not apply to agency actions that are not "adjudications" or decisions that are not judicial in nature. *McVickar v. Department of Transportation,* 36 Pa.Cmwlth. 561, 388 A.2d 775, 776 (1978) (decided under former version of Administrative Agency Law (AAL)). *Accord Concerned Citizens of Chestnuthill Township v. Department of Environmental Resources,* 158 Pa.Cmwlth. 248, 632 A.2d 1 (1993), *petition for allowance of appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994). "Adjudication" is defined in Section 101 of the AAL as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. ***The term does not include any order ... which involves parole s....***

2 Pa.C.S. § 101 (emphasis added). In addition, our Supreme Court has held that when the Board exercises its paroling power, that action is not adjudicatory in nature. *Rogers v. Pennsylvania Board of*

---

1. Lindenmuth is allegedly Wheeler's wife. For purposes of this case, we assume that she is.

2. Because of the procedural posture of this case, the record is minimal and does not indicate the details of Wheeler's criminal or ongoing parole history. It does appear, however, that he was serving a five year sentence for driving under the influence.

3. The Board indicates in its brief that, since the filing of this case, Wheeler's parole has been revoked and, therefore, it asserts that the matter is moot. However, there is an exception to the mootness doctrine where the

conduct at issue is capable of repetition, but likely to evade review; the issue involved is important to the public interest; or the party will suffer some detriment without the court's decision. *Musheno v. Department of Public Welfare,* 829 A.2d 1228, 1232 (Pa.Cmwlth. 2003). In this case, the issue is capable of repetition, yet can avoid review, because the condition seems to have been one imposed on Wheeler in previous paroles. Further, it does involve an alleged violation of the "right to marital privacy," a question of public importance. Therefore, we will not dismiss the case on grounds of mootness.

*Probation and Parole,* 555 Pa. 285, 724 A.2d 319 (1999). The Court stated in *Rogers:*

> [T]he definition of adjudication clearly and unambiguously provides that parole decisions are not ones which are subject to appellate review by the courts. Therefore, because the General Assembly, in its wisdom, has conferred upon the Parole Board sole discretion to determine whether a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside of the confines of prison, we hold that the courts of the Commonwealth do not have statutory jurisdiction to conduct appellate review of a decision of the Board, since such a decision does not constitute an adjudication.

*Id.* at 291, 724 A.2d at 322. It, therefore, follows that when the Board imposes a condition of parole, which is really a "lesser included power" within the general power to grant parole, its action cannot be deemed an "adjudication" for purposes of appellate review.

Wheeler asserts, however, that the condition at issue here concerns his "right to marital privacy" and, thus, impacts on a "personal right," bringing his situation within the definition of adjudication. We do not agree.

We recognize that couples have a privacy right attendant to marriage. *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Nothing in *Griswold* suggests, however, that such a right applies to parole conditions placed on convicts in situations where, as here, there has been a documented history of domestic violence. *Griswold* concerned the privacy rights of a married couple to use birth control methods. Neither marital partner was a convict on parole, nor did the case give any indication that domestic violence was an issue there.

One who is subject to incarceration, by virtue of that status, gives up certain constitutional rights, for example, the right to liberty or to travel. Wheeler, as a parolee, has been granted leave to serve his sentence outside prison walls, but, because of his status as a parolee, is subject to restrictions that might otherwise run afoul of constitutional principles. *See Rogers,* 555 at 291, 724 A.2d at 322.

Section 1 of what is colloquially known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 311.1, provides that when the Board considers a paroling action it shall "first and foremost seek to protect the safety of the public." This directive clearly envisions that restrictions can legitimately be placed on a parolee, similar to the restrictions legitimately placed on incarcerated persons. Those restrictions, of course, must relate to the goals of the Parole Act. *Cf. Gerber v. Hickman,* 291 F.3d 617, 621 (9th Cir.2002), *cert. denied,* 537 U.S. 1039, 123 S.Ct. 558, 154 L.Ed.2d 462 (2002) (reasoning that incarcerated persons retain only those rights that are not inconsistent with legitimate penological goals). Certainly, prohibiting a parolee from having contact with a spouse he has physically abused in the past serves the Parole Act's goal of protecting the public.[4] Thus, we conclude

---

4. As one federal court has observed:

"Many aspects of marriage that make it a basic civil right, such as cohabitation, sexual intercourse, and the bearing and rearing of children, are superseded by the fact of confinement." Thus, while the basic right to marry survives imprisonment, most of the *attributes* of marriage—cohabitation, physical intimacy, and bearing and raising children—do not. "Rights of marital privacy, like the right to marry and procreate, are necessarily and substantially abridged in a prison setting."

that Wheeler has no cognizable "personal right" that would entitle him to an adjudication or to appellate review of the paroling condition at issue.

Accordingly, because we agree with the Board that this matter is not an adjudication subject to appeal, we will grant the Motion to Dismiss the petition for review.[5]

### *ORDER*

**NOW,** November 17, 2004, the Motion to Dismiss for Want of Jurisdiction in the Unified Judicial System filed by the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby granted, and the Petition for Review is dismissed.

*Gerber v. Hickman,* 291 F.3d 617, 621 (9th Cir.2002), *cert. denied,* 537 U.S. 1039, 123 S.Ct. 558, 154 L.Ed.2d 462 (2002) (citations omitted)(emphasis in original).

**5.** Due to our disposition of this issue, we do not reach the other arguments made by Wheeler or the Board.