# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Curtis Lee, aka Steven Ackridge, : 
                  Petitioner : 
                         : 
            v. : 
                         : 
Pennsylvania Board of Probation : 
and Parole, :   No. 1478 C.D. 2019
               Respondent :   Submitted: October 23, 2020


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: February 3, 2021

        Curtis Lee, also known as Steven Ackridge (Lee), petitions this Court for review of the Pennsylvania Board of Probation and Parole's[2] (Board) October 2, 2019 communication (Board's October 2019 communication). There are three issues before this Court: (1) whether the Court lacks jurisdiction over the Board's October 2019 communication because it is not an adjudication; (2) whether the Court lacks jurisdiction because the Board cannot grant Lee the relief he seeks; and (3) if the Court does have jurisdiction, whether the Board erred in calculating Lee's minimum and maximum parole violation dates by failing to award credit for the period of his presentence confinement. After review, we quash the appeal for lack of jurisdiction.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

On December 6, 1996, Lee pleaded guilty to 3 counts of robbery and 2 counts of burglary, and was sentenced to a total of 6 years and 6 months to 15 years of incarceration (Original Sentence). Certified Record (C.R.) at 1-4. Lee's Original Sentence maximum release date was August 1, 2016. C.R. at 1. On September 16, 2014, the Board paroled Lee from his Original Sentence to the Gaudenzia First Program (Gaudenzia), a Community Corrections Center (CCC) in Philadelphia. *Id*. at 5-10. At that time, Lee's Original Sentence maximum release date was April 30, 2021.[3] *Id*. at 5-8.

The Board subsequently took administrative action to declare Lee delinquent, effective April 12, 2016, because he moved from his approved residence without permission and was unsuccessfully discharged from Gaudenzia (technical violations). *See* C.R. at 14-15. On June 3, 2016, the Philadelphia Police Department arrested Lee, charged him with multiple drug-related offenses (New Charges), and confined him in the Philadelphia County Prison. *Id*. at 16-21. The Board filed a detainer warrant against Lee that same day. *Id*. at 22. Lee subsequently waived his right to counsel and to a preliminary detention panel, and to a violation hearing before the Board, and he admitted to the technical violations. *See id*. at 31-34.

On July 13, 2016, the Board issued a decision detaining Lee pending disposition of the New Charges, and recommitting him as a technical parole violator (TPV) at a State Correctional Institution (SCI)/contracted county jail to serve six

---

[3] The Board's Supervision History states that in 2008, Lee was paroled to a North Carolina detainer. C.R. at 26. In 2011, Lee was arrested in North Carolina on drug and theft charges, as well as technical parole violations, and he was incarcerated in the Mecklenburg County Jail. *Id*. In December 2012, Lee was inadvertently released "to the street," rather than to the Board's custody, and the Board declared Lee delinquent. *Id*. at 27. Subsequently, the Mecklenburg County Sheriff's Department arrested Lee and returned him to the Board's custody at State Correctional Institution Camp Hill on March 8, 2013. *Id*. Presumably, these facts are what account for the recalculation of Lee's Original Sentence maximum release date from August 1, 2016, at the time he was initially committed, to April 30, 2021, when he was reparoled.

months' backtime on his Original Sentence. C.R. at 45. The Board's decision further stated: "YOU ARE REPAROLED AUTOMATICALLY WITHOUT FURTHER ACTION OF THE BOARD ON 12/03/2016, PENDING RESOLUTION OF YOUR OUTSTANDING CRIMINAL CHARGES[,]" so long as Lee abided by certain conditions. *Id*. at 46. Moreover, the decision recalculated Lee's Original Sentence maximum release date to June 21, 2021, given the time he was delinquent while on parole.[4] *See id*. at 45-47. The Board specifically stated that this date was subject to change if Lee was convicted of his New Charges. *See id*. at 46. On June 8, 2017, Lee was convicted of the New Charges. *See* C.R. at 51.

> The Board issued a decision, recorded on April 5, 2018, stating:
>
> AS RECORDED ON APRIL 05, 2018[,] THE BOARD . . . RENDERED THE FOLLOWING DECISION IN YOUR CASE:
>
> REFER TO BOARD ACTION OF 07/07/2016 TO RECOMMIT AS A [TPV] TO SERVE 6 MONTHS, AND NOW;
>
> NOTE CONVICTION AT PHILADELPHIA COUNTY . . . AND TAKE NO ACTION AS TO THAT CONVICTION.

C.R. at 68. This decision again noted Lee's Original Sentence maximum release date as June 21, 2021. *See id*. On April 18, 2018, Lee was reparoled to a CCC in Philadelphia. *See id*. at 69-74.

On July 20, 2018, the Philadelphia County Common Pleas Court sentenced Lee on his New Charges to 2 to 5 years of incarceration, followed by a maximum of 5 years of probation (New Sentence). *See* C.R. at 75, 80. The sentencing order specifically stated that "[t]his sentence shall commence on

---

[4] In an Order to Recommit dated July 7, 2016, the Board explained that Lee was delinquent for a period of 52 days, from April 12, 2016, to his arrest date of June 3, 2016. C.R. at 43. Therefore, the Board added 52 days to Lee's Original Sentence maximum release date of April 30, 2021, to arrive at the new maximum release date of June 21, 2021. *See id*.

07/20/2018[,]" and directed that "[c]redit [is] to be calculated by the Phila[delphia] Prison System[.]" *Id.* As such, following Lee's commitment to an SCI, the Department of Corrections (DOC) issued a sentence status summary (DOC Summary), calculating Lee's New Sentence to have a controlling minimum date of April 18, 2020, and a controlling maximum date of April 18, 2023. C.R. at 82-84. The DOC Summary also indicated that Lee was given credit towards his New Sentence for the time he spent incarcerated prior to sentencing on the following dates: June 2, 2016; and April 19, 2018, to July 20, 2018. *Id.* at 82.

Lee filed an administrative remedies form with the Board on April 9, 2019, claiming that the Board erred in calculating his Original Sentence minimum and maximum release dates by failing to give him credit towards his New Sentence for the period of presentence incarceration that he served from June 3, 2016, to April 18, 2018. *See* C.R. at 85-93. In addition, Lee claimed that the sentencing judge specifically awarded him 26 months' credit towards his New Sentence, that the Board illegally changed his judicially imposed sentence of 2 to 5 years to a sentence of 4 to 10 years, and that the Board violated his due process rights. *Id.* Notably, Lee attached to his administrative remedies form, *inter alia*, both the Board's decision dated April 5, 2018, and the DOC Summary. *See id.* at 102, 105-06, respectively.[5]

---

[5] Lee also attached to his administrative remedies form a letter to his Counsel dated November 16, 2018, from Christopher M. Thomas, Director of Classification, Movement and Registration for the Philadelphia Prison System. C.R. at 100-01. In the letter, Thomas explains that he investigated Counsel's claim regarding an error in calculating Lee's credit, and concluded, in pertinent part, as follows:

> [Lee] was awarded credit from 6/2/16 to 6/2/16 (date of arrest) and from 4/19/18 to 7/20/18 (date of sentencing). . . .
>
> Again, since [] DOC calculates state sentences from where the DC 16-E [form] is generated, which I do not have, I cannot ascertain whether or not his sentence reflects the credit awarded. I

The Board also received correspondence from Lee on August 27, 2019, wherein he stated: "I am writing to find out the status of my Administrative Appeal and Reparole based upon the Board's April 5, 2018 Decision." C.R. at 138.

By letter mailed October 2, 2019, *i.e.*, the Board's October 2019 communication, counsel for the Board responded to Lee's administrative remedies form and subsequent correspondence, indicating that it would take no further action in the matter. C.R. at 141. The Board explained that its April 5, 2018 decision did not recommit Lee as a convicted parole violator for his Philadelphia County conviction on the New Charges, but merely noted the conviction and that the Board would take no action on the conviction. *Id.* Moreover, because the Board's decision took no action as to Lee's recent Philadelphia County criminal conviction, no further relief could be granted regarding that conviction. *Id.* The Board then clarified that, to the extent Lee challenged the April 18, 2020 minimum sentence release date for the new conviction, the sentencing court and DOC are responsible for calculating an inmate's initial sentence credit determination, not the Board; therefore, the Board dismissed Lee's challenges to his initial sentence credit allocation regarding his New Sentence as unauthorized. *Id.*

Lee then filed with this Court a *pro se* petition for review (Petition) seeking to appeal from the Board's October 2019 communication. As with his administrative remedies form, Lee attached to his Petition, *inter alia*, the relevant Board documentation, the DOC Summary, and the letter from Christopher M. Thomas, Director of Classification, Movement and Registration for the Philadelphia Prison System to Lee's Counsel. *See* Exhibits E and G to Petition. In response, the

recommend you obtain a copy either from your client or [] DOC and confirm what credit was granted and follow up with me if needed.

*Id.*

5

Board filed an application to quash Lee's appeal for lack of jurisdiction (Application), and the Court thereafter ordered that the Application be decided with the merits of the Petition.

This Court will first address the Application, as it presents the threshold issue of whether this Court has jurisdiction over Lee's appeal. *See Pa. Mfrs.' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396 (Pa. 2018). The Board argues that the Petition is couched as an appeal from its April 5, 2018 decision and October 2019 communication, neither of which recommitted Lee as a parole violator nor recalculated his Original Sentence maximum release date. In fact, the Board maintains that it took ***no adverse action*** against Lee through the Board documentation he challenges, and that there is, thus, no adjudication from which Lee can appeal. Therefore, the Board contends that this Court lacks jurisdiction to entertain Lee's appeal and, thus, his appeal should be quashed. The Board further asserts that DOC is the proper party, because DOC is responsible for initially determining the New Sentence minimum and maximum release dates, not the Board. Thus, the Board claims the correct procedure for challenging DOC's alleged failure to properly allocate presentence confinement credit toward Lee's New Sentence is through an action filed in this Court's original jurisdiction, naming DOC as the respondent and effecting original service of process thereon.

In his brief to this Court, Lee, now represented by counsel, admits that the "Board issued a decision that did not revoke [Lee's] parole nor recommit [Lee] as a parole violator with a designated backtime penalty." Lee's Br. at 10. However, Lee asserts that when the Board issued its decision to take no further action on his alleged parole violation, it failed to grant Lee any credit for the approximately 26 months he spent in presentence confinement. Lee claims that he is entitled to credit for all of the time he spent in state custody that is not attributable to his backtime,

6

and that **both** the Board and DOC are responsible for allocating this credit. Lee contends that the Petition, filed *pro se*, should be liberally construed as a writ of mandamus addressed to the Court's original jurisdiction challenging the erroneous computation of his sentence by both the Board and DOC. Therefore, Lee urges the Court to deny the Application and transfer the matter to our original jurisdiction.

Initially, Article V, Section 9 of the Pennsylvania Constitution provides: "[T]here shall [] be a right of appeal . . . from an administrative agency to a court of record or to an appellate court[.]" Pa. Const. art. V, § 9. "However, this provision does not apply to agency actions that are not 'adjudications' or decisions that are not judicial in nature." *Wheeler v. Pa. Bd. of Prob. & Parole*, 862 A.2d 127, 129 (Pa. Cmwlth. 2004); *see also Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319 (Pa. 1999) (explaining that an individual is only entitled to review from an adverse decision by an agency where such decision constitutes an adjudication).

Section 101 of the Administrative Agency Law defines "[a]djudication" as:

> Any **final order**, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order . . . which involves . . . paroles[.]

2 Pa.C.S. § 101 (emphasis added).[6]

Here, the Board's October 2019 communication is not a final order because it did not take any adverse action against Lee nor did it affect Lee's personal or property rights or privileges and, thus, it is not an adjudication. As Lee admits in

---

[6] Section 763(a) of the Judicial Code also specifies: "[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies" in certain circumstances. 42 Pa.C.S. § 763(a).

his brief to this Court, the Board's April 5, 2018 decision did not revoke his parole or recommit him as a parole violator. Lee's Brief at 4, 10. Despite Lee's assertions to the contrary, the Board's April 5, 2018 decision did not recalculate his Original Sentence maximum release sentence. The Board reiterated these facts in its October 2019 communication to Lee, and merely dismissed Lee's challenges to DOC's initial sentence calculations relating to his New Sentence as unauthorized. Simply put, the Board took **no action**, let alone any adverse action affecting personal or property rights or privileges, with respect to Lee in its October 2019 communication. Therefore, this Court concludes that the Board's October 2019 communication is not an adjudication that is subject to judicial review.[7]

Lee further argues, in the alternative, that the Petition should be liberally construed as a writ of mandamus addressed to the Court's original jurisdiction challenging the erroneous computation of his New Sentence by both the Board and DOC. In support of this position, Lee cites Pennsylvania Rule of Appellate Procedure 1504, which provides, in pertinent part:

> If a filing in a court is labeled as a petition for review but the proper mode of relief is an original jurisdiction action in . . . mandamus . . . , this alone shall not be a ground for dismissal. The filing shall be regarded and acted upon as a complaint or other proper process and as if filed at the time the improvident filing was made. The court may require that the filing be clarified by amendment.

---

[7] Even if the Court was to find that the Board's October 2019 communication is an adjudication appealable to this Court, we would nonetheless be compelled to quash the appeal as untimely. The Board's regulations provide that appeals and petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. 37 Pa. Code § 73.1. Here, the Board issued its decision on April 5, 2018, and Lee did not submit his administrative remedies form until April 9, 2019, more than a year later. *See* C.R. at 85. Even though the Board failed to raise the issue of timeliness, the Court cannot countenance this jurisdictional defect. *See Thorn v. Newman*, 538 A.2d 105, 107 (Pa. Cmwlth. 1988) ("The timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised, even *sua sponte*, at any stage of the proceedings.") (italics added).

Pa.R.A.P. 1504. Lee maintains that the relief sought in the Petition sounds in mandamus (that being a recalculation of his sentence), and that the appropriate recourse in such situations is to file a mandamus action in this Court's original jurisdiction. *See* Lee Br. at 1 (citing, *e.g.*, *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992) ("It is well[ ]settled that if an alleged sentencing error is thought to be the result of an *erroneous computation* of sentence by [DOC], the appropriate recourse would be an original action in the Commonwealth Court challenging [DOC]'s computation.")). While the statement is generally true, the Court cannot treat Lee's Petition as a mandamus action in this case.

This Court "has routinely entertained [p]etitions for [r]eview in the nature of mandamus seeking orders to compel [**DOC**] to apply credit for time served." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1130 (Pa. 2005) (emphasis added). This action has occurred because "[DOC], not the Board, is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987). Despite this well-established precedent, Lee fails to name DOC herein as a party and to provide DOC proper notice of his allegations, and Lee has not affected original service of process in order for this Court to acquire personal jurisdiction over DOC in this matter. Given all of the above, this Court concludes that there is no viable mandamus action against the Board regarding credit for time served. Moreover, the Court cannot simply transfer this matter to its original jurisdiction against an unnamed party, here, DOC.

For all of the above reasons, the Application is granted and the Petition is quashed for lack of jurisdiction.[8]

_____
ANNE E. COVEY, Judge

---

[8] Given our determination, this Court does not reach Lee's substantive arguments on appeal.

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Curtis Lee, aka Steven Ackridge, :
       Petitioner :
          :
    v. :
          :
Pennsylvania Board of Probation :
and Parole, : No. 1478 C.D. 2019
       Respondent :

## O R D E R

  AND NOW, this 3rd day of February, 2021, the Pennsylvania Board of Probation and Parole's Application to Quash is hereby GRANTED, and Curtis Lee's, also known as Steven Ackridge, petition for review is QUASHED for lack of jurisdiction.

           _____
           ANNE E. COVEY, Judge