IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Dieffenbach,          :
         Petitioner      :
                             :
     v.                   :  No. 233 M.D. 2023
                             :
Pennsylvania Board of Probation  :
and Parole,               :
         Respondent   :  Submitted:  March 8, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOLF               FILED: July 18, 2024

On May 12, 2023, Daniel Dieffenbach (Petitioner) filed a dual jurisdiction Petition for Review,[1] seeking to challenge a condition of his parole imposed by the Pennsylvania Parole Board (Board).[2] The Board responded by filing a single document that contains "Preliminary Objections in the Nature of a Demurrer" (Preliminary Objections) and a "Motion to Quash and Stay Briefing Schedule"[3]

---

[1] The Commonwealth Court has original jurisdiction over all civil actions against the Commonwealth. 42 Pa.C.S. § 761(a)(1). The Court also has jurisdiction over appeals from final orders of government agencies. 42 Pa.C.S. § 763. In this case, Petitioner seeks relief in both this Court's original and appellate jurisdictions.

[2] Effective February 18, 2020, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115; *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa.C.S. §§ 6101, 6111(a).

[3] Despite its title, the Board's "Motion to Quash and Stay Briefing Schedule" sought, *inter alia*, to stay the Board's obligation to transmit the certified record. On June 27, 2023, the Board
**(Footnote continued on next page…)**

(Motion to Quash). The Preliminary Objections and Motion to Quash are now before this Court for disposition.

## BACKGROUND

The Petition for Review avers the following. Petitioner is an adult individual who resides in Factoryville, Pennsylvania. Petition for Review (PFR), ¶ 1. On October 17, 2018, following a jury trial, Petitioner was found guilty in the Court of Common Pleas of Luzerne County (trial court) of the following: (1) one count of burglary; (2) one count of simple assault; (3) one count of recklessly endangering another person; and (4) one count of resisting arrest. PFR, ¶ 5. Petitioner's total sentence was 2 to 10 years' incarceration plus 5 years' probation. PFR, ¶ 6. Petitioner was committed to a state correctional institution and was paroled on June 24, 2022. PFR, ¶ 8.

The Board's May 9, 2022, Notice of Board Decision contained several conditions of Petitioner's parole including, *inter alia*, "YOU SHALL NOT TRAVEL OR RESIDE IN LUZERNE COUNTY FOR ANY REASON— MANDATORY" (Parole Condition). PFR, ¶ 9; PFR Exhibit B at 2. Petitioner alleges that he attempted to remove the Parole Condition and that the Board denied his request on April 14, 2023.[4] PFR, ¶ 10; PFR Exhibit A at 1.

---

filed a second motion titled "Application for Extension of Time to File Certified Record," which reiterated its request to stay transmission of the certified record pending disposition of the Preliminary Objections and Motion to Quash. By order dated June 29, 2023, this Court granted the Board's request to stay certification of the record. Because we quash the appellate portion of Petitioner's dual jurisdiction Petition for Review, the Board has no obligation to transmit a certified record.

[4] Paragraph 10 of the Petition for Review appears to contain a typographical error as Petitioner states that the Board denied his request to remove the Parole Condition on April 13, 2022.

2

Petitioner asserts that the Parole Condition is unduly burdensome to him. PFR, ¶21. He notes that he has owned a restaurant in Luzerne County since 1994 and also owns rental properties in the County. These constitute his only source of income. PFR, ¶¶ 12-15. Petitioner further avers that his health insurance limits where he can seek medical treatment and his primary care physician, dentist, and chiropractor are all located in Luzerne County. PFR, ¶¶ 16-18. Finally, Petitioner's adult children live in the County. PFR, ¶ 20. Petitioner maintains that the Parole Condition is not rationally related to the offenses for which he was convicted, his rehabilitation, or the protection of society. PFR, ¶ 22. Petitioner asserts the Parole Condition is "unconstitutional under both the Federal and Pennsylvania Constitutions as it unduly infringe[s] upon Petitioner's rights to travel, property, and due process without just cause." PFR, ¶ 23. Petitioner asks this Court to overturn the Board's decision and strike the Parole Condition "and/or issue a writ of mandamus requiring the Board to do the same." PFR, Wherefore Clause.

**PRELIMINARY OBJECTIONS/MOTION TO QUASH**

Although the Board indicates that its Preliminary Objections are in the nature of a demurrer, that is not the case. A demurrer challenges the legal sufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a)(4). Here, the Board's Preliminary Objections are both brought pursuant to Pa.R.Civ.P. 1028(a)(1) which provides:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]

3

The Board's first Preliminary Objection challenges the form of service used for the Petition for Review. The Board avers that service was improper because neither the Board, nor the Attorney General, were served in person or by certified mail as required by Pa.R.A.P. 1514(c).[5] Rather, the Petition for Review appears to have been served via first class mail and eService.

In his "Response to Preliminary Objections in the Nature of a Demurrer" (Response to Preliminary Objections), Petitioner argues that service of the Petition for Review has now been accomplished via certified mail. Exhibit A to the Response to Preliminary Objections shows two United States Postal Service (U.S. Postal Service) Form 3811 Domestic Return Receipts (informally known as a "green cards" or "green slips") addressed to the Attorney General and the Board respectively. Based on the green cards' tracking numbers, the U.S. Postal Service website reflects that Petitioner's Petition for Review was delivered to the Attorney General's Post Office Box on July 5, 2023,[6] and to the Board's Post Office Box on July 7, 2023.[7] To the extent the Board's Reply Brief asserts that service of the Petition for Review was not yet perfected, it is apparent that the Petition for Review was delivered to the

---

[5] Pa.R.A.P. 1514(c) states in pertinent part:

> **(c) Service.**--A copy of the petition for review shall be served by the petitioner in person or by certified mail on both the government unit that made the determination sought to be reviewed and the Attorney General of Pennsylvania. Where there is more than one respondent, the petitioner shall separately serve each one.

[6] *See* U.S. Postal Service Tracking, No. 70223330000134832690, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=4&text28777=&tLabels=70 223330000134832690%2C%2C%2C&tABt=false (last visited July 17, 2024).

[7] *See* U.S. Postal Service Tracking, No. 70223330000134832706, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=5&text28777=&tLabels=70 223330000134832706%2C%2C%2C%2C&tABt=false# (last visited July 17, 2024).

Board two days *after* its Reply Brief was filed. Under the circumstances presented, we believe service of the Petition for Review has been perfected. Accordingly, the Board's first Preliminary Objection is overruled.

The Board's second Preliminary Objection purports to challenge this Court's jurisdiction to hear the appellate portion of Petitioner's case. Importantly, preliminary objections may not be used to challenge this Court's jurisdiction in an appellate context. *See* Pa.R.A.P. 1516(b) ("[w]here an action is commenced by filing a petition for review addressed to the appellate court's *original jurisdiction*, the pleadings are limited to a petition for review, . . . preliminary objections, and answers thereto.") (emphasis supplied). Under the circumstances, we will treat the Board's second Preliminary Objection as part of the Board's Motion to Quash.[8]

Regardless of how the issue was raised, the essence of the Board's argument is that this Court lacks appellate jurisdiction over Petitioner's case because the Board's April 14, 2023, correspondence denying Petitioner's request to remove the Parole Condition was not an appealable adjudication. In support, the Board cites the case of *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319 (Pa. 1999) (*Rogers*).

Article V, section 9 of the Pennsylvania Constitution of 1968 provides for a right of appeal from an administrative agency to a court of record. PA. CONST. art. V, § 9. "However, this provision does not apply to agency actions that are not 'adjudications' or decisions that are not judicial in nature." *Wheeler v. Pa. Bd. of Prob. and Parole*, 862 A.2d 127, 129 (Pa. Cmwlth. 2004) (citing *McVickar v. Dep't*

---

[8] Indeed, the Board incorporated its second Preliminary Objection challenging this Court's appellate jurisdiction into the Motion to Quash portion of the filing.

5

*of Transp.*, 388 A.2d 775, 776 (Pa. Cmwlth. 1978)). Section 101 of the Administrative Agency Law[9] defines an adjudication as follows:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The *term does not include* any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, *paroles*, pardons or releases from mental institutions.

2 Pa.C.S.§ 101 (emphasis supplied).

In *Rogers*, our Supreme Court held that when the Board exercises its parole powers, it is not an adjudicatory action. The *Rogers* Court stated:

> [T]he definition of adjudication clearly and unambiguously provides that parole decisions are not ones which are subject to appellate review by the courts. Therefore, because the General Assembly, in its wisdom, has conferred upon the [] Board sole discretion to determine whether a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside of the confines of prison, we hold that the courts of the Commonwealth do not have statutory jurisdiction to conduct appellate review of a decision of the Board, since such a decision does not constitute an adjudication.

*Rogers*, 724 A.2d at 322.

In *Wheeler*, this Court faced a situation very similar to the one presently before us. In that case, Stanley Wheeler (Wheeler) petitioned for review of a letter written by the District Director of the Williamsport District Office of the Board, denying his request to revoke a special parole condition that he "not contact or associate with [Wheeler's wife] except as permitted, in writing, by parole agent-Mandatory."

---

[9] 2 Pa.C.S. §§ 501-508, 701-704.

6

*Wheeler*, 862 A.2d at 129. In response, the Board filed a "Motion to Dismiss for Want of Jurisdiction in the Unified Judicial System." *Id.* Therein, the Board asserted that the letter was not an adjudication and therefore could not be appealed. Citing *Rogers*, the Court granted the motion to dismiss. The Court reasoned, "when the Board imposes a condition of parole, which is really a 'lesser included power' within the general power to grant parole, its action cannot be deemed an 'adjudication' for purposes of appellate review." *Id.* at 130.

Our Supreme Court's decision in *Rogers* and this Court's holding in *Wheeler* dictate the same result here. The Board, in granting Petitioner parole, imposed the Parole Condition that he not travel or reside in Luzerne County. Per *Wheeler*, the Board's imposition of the condition was an action taken within its general powers to grant parole. Because parole decisions/conditions are not adjudications or subject to review by this Court, we grant the Board's Motion to Quash the appellate portion of this dual jurisdiction matter.

## CONCLUSION

Because Petitioner has cured the defective service of his dual jurisdiction Petition for Review, the Board's Preliminary Objection alleging improper service is overruled. With regard to the appellate portion of Petitioner's action, it is apparent that the Board's April 14, 2023 correspondence denying Petitioner's request to remove the Parole Condition is not an appealable adjudication. Accordingly, the Board's Motion to Quash the appellate portion of this action is granted.

_____
MATTHEW S. WOLF, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Dieffenbach,              :
            Petitioner       :
                                   :
      v.                        : No. 233 M.D. 2023
                                   :
Pennsylvania Board of Probation   :
and Parole,                      :
            Respondent     :

## **O R D E R**

AND NOW, this 18th day of July, 2024, the Pennsylvania Parole Board's (Board) Preliminary Objection to Daniel Dieffenbach's (Petitioner) dual jurisdiction Petition for Review asserting improper service is OVERRULED. The Board shall respond to the original jurisdiction portion of the Petition for Review within 30 days of the exit date of this Order.

The Board's Motion to Quash the appellate portion of Petitioner's dual jurisdiction Petition for Review is GRANTED.

_____
MATTHEW S. WOLF, Judge