# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Daniel Dieffenbach, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 233 M.D. 2023 |
| | : | |
| Pennsylvania Board of Probation and | : | |
| Parole, | : | |
| Respondent | : | Submitted: August 8, 2025 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED:   January 22, 2026


Before the Court is a motion for judgment on the pleadings (Motion) filed by the Pennsylvania Parole Board[1] (Board) seeking dismissal of the Petition for Review (Petition) filed by Petitioner Daniel Dieffenbach (Petitioner).  Upon review of the pleadings and documents properly attached thereto, we find that there are no material issues of fact and Petitioner is not entitled to his requested mandamus relief as a matter of law.  Therefore, we grant the Board's Motion and dismiss Petitioner's Petition with prejudice.

---

[1] Effective February 18, 2020, the name of the Pennsylvania Board of Probation and Parole has been changed to Pennsylvania Parole Board.

# I. BACKGROUND

We adopt the factual background as laid out in this Court's prior opinion regarding the Preliminary Objections in this case, *Dieffenbach v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 233 M.D. 2023, filed July 18, 2024). By way of such opinion, this Court overruled the Board's Preliminary Objections and now considers the Motion before it. Briefly stated, Petitioner was paroled from a sentence of incarceration for burglary and assault, and among Petitioner's parole conditions was a special condition that he not reside in or travel to Luzerne County. After three months on parole, Petitioner requested such condition be lifted, and the Board denied such request. Petitioner subsequently petitioned this Court for mandamus to direct the Board to remove this condition of his parole.

# II. ISSUES

Before this Court is the question of whether the Board should be granted judgment on the pleadings.

The Board argues that Petitioner has failed to establish a valid mandamus claim and no material issues of fact remain outstanding. In support, it contends that the Board exercised its discretion in imposing the special condition of parole now challenged by Petitioner, and that it is not consistent with this Court's precedent to issue mandamus to direct it to remove such condition.

Petitioner argues that he has established a valid claim for mandamus, contending that the challenged condition violates his constitutional right to travel. He further contends that there is an outstanding issue of material fact, namely whether the condition is related to the purposes of the Prisons and Parole Code.[2]

---

[2] 61 Pa.C.S. § 101-7301.

2

# III. DISCUSSION

Pa.R.C.P. 1034 governs judgment on the pleadings:

Pa. R.C.P. No. 1034(a) provides that, after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings. When ruling on a motion for judgment on the pleadings in our original jurisdiction, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party. We may consider only the pleadings themselves and any documents properly attached thereto. We may grant a motion for judgment [on] the pleadings only when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law.

*Parish v. Horn*, 768 A.2d 1214, 1215 n. 1 (Pa. Cmwlth. 2001) (internal citations omitted). "Such a motion may be granted only where the law is clear that a trial would be a fruitless exercise." *Stoppie v. Johns*, 720 A.2d 808, 809 (Pa. Cmwlth. 1998).

Mandamus is a remedy rooted in common law, and this Court must exercise caution and discretion with respect to its application. This Court has noted that "[m]andamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. A writ of mandamus may only be issued where there is a clear legal right in petitioner, a corresponding duty in respondent, and a lack of any other appropriate remedy." *Nickson v. Bd. of Prob. & Parole*, 880 A.2d 21, 23 (Pa. Cmwlth. 2005) (internal citations omitted) (citing *McGriff v. Pa. Bd. of Prob. and Parole*, 809 A.2d 455 (Pa. Cmwlth. 2002), *aff'd*, 838 A.2d 564 (Pa. 2003)).

3

Constitutional rights of a parolee are abridged, as compared to those rights enjoyed by individuals not under parole supervision. This Court has previously held:

> As a prisoner, petitioner enjoys no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty. A liberty interest in parole arises only after such a parole is granted under a state system of parole *and subject to conditions imposed*, and such a liberty interest does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who had not run afoul of the law. . . . *There is a crucial distinction between being deprived of a liberty or constitutional right one enjoys as a citizen and a limitation upon one's liberty or constitutional rights incident to the granting of parole.* If a prisoner released on parole had thereby restored to him all constitutional rights and liberties enjoyed by citizens generally, the concept and purpose of parole would be seriously wounded if not destroyed to the detriment of those prisoners who achieve parole status and are rehabilitated thereby.

*Barlip v. Pa. Bd. of Prob. & Parole*, 405 A.2d 1338, 1340 (Pa. Cmwlth. 1979) (emphasis added) (internal citations and quotation marks omitted). *See also Wheeler v. Pa. Bd. of Prob. & Parole*, 862 A.2d 127, 130 (Pa. Cmwlth. 2004) (explaining that "[o]ne who is subject to incarceration, by virtue of that status, gives up certain constitutional rights, for example, the right to liberty or to travel. [A] parolee[] has been granted leave to serve his sentence outside prison walls, but, because of his status as a parolee, is subject to restrictions that might otherwise run afoul of constitutional principles.").

4

Here, as a matter of law, the prerequisites to mandamus have not been established. There is no clear legal right on the part of Petitioner to the requested relief, nor is there a clear corresponding duty by the Board. In fact, pursuant to Section 6171(a)(1) of the Prisons and Parole Code, the Board's duty is "[t]o first and foremost seek to protect the safety of the public." 61 Pa.C.S. § 6171(a)(1). Petitioner alleges, generally, that the Board has unconstitutionally restricted his right to travel, but as noted above, Petitioner's rights, as a parolee, are abridged as compared to individuals not under parole supervision.

In *Barlip*, this Court found that a condition prohibiting a parolee from contacting a social agency regarding his children without prior permission of his parole agent was legally permissible. In so finding, this Court noted that the parolee had been released subject to such special condition, and he had agreed to such condition. The same is true in the instant case. Petitioner agreed to release subject to the condition he now challenges. The Board had no duty upon his request, and has no duty now, to amend this condition of his release. Rather, it has properly performed its duty by exercising its discretion to "first and foremost seek to protect the safety of the public." 61 Pa.C.S. 6171(a)(1). Here, the Board considered Petitioner's request and denied it based upon the recommendation of the Office of Victim Advocate (OVA).

The issue that Petitioner raises as one of material fact, is rather a question of law: namely, whether the special parole condition that he not travel to or reside in Luzerne County relates to the purpose of the Prisons and Parole Code. It is clear that it does, and in imposing this condition the Board fulfilled its duty to exercise its discretion in imposing conditions to Petitioner's parole, in light of its duty to promote the safety of the public, as well as its duty to protect the absolute

5

confidentiality of victim statements it considered in exercising such discretion, pursuant to Section 6140 of the Prisons and Parole Code.[3] There is no countervailing duty to provide Petitioner with clear reasoning for the special condition imposed based on such confidential information. Rather, as a matter of fact, it is sufficient that the Board provided an affidavit stating that the recommendation of OVA and Petitioner's parole supervisor were considered in denying his request to modify his parole conditions.

This Court may not mandate the Board to exercise its discretion in a particular manner. Here, where the Board exercised its discretion, as it is bound to do, we cannot now direct it to exercise it otherwise. For this Court to do so would undermine the discretionary role of the Board in making parole determinations.

## IV. CONCLUSION

For the foregoing reasons, the Board's Motion is granted, and Petitioner's Petition is dismissed.

_____
MATTHEW S. WOLF, Judge

---

[3] 61 Pa.C.S. 6140(h)(10) provides: "Notwithstanding any other provision of law, no person who has had access to a report, record or any other information under this section shall disclose the content of the report, record or other information or testify in a judicial or administrative proceeding without the written consent of the victim."

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Dieffenbach,             :

           Petitioner        :

                            :

       v.                :    No.  233 M.D. 2023

                            :

Pennsylvania Board of Probation and  :

Parole,                     :

          Respondent    :

## O R D E R

AND NOW, this 22nd day of January 2026, the Pennsylvania Parole Board's Motion for Judgment on the Pleadings is GRANTED and the Petition for Review is DISMISSED with prejudice.

 

_____

MATTHEW S. WOLF, Judge