582 A.2d 1141

**Shawn CALCAGNI, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 1990.

Decided Nov. 13, 1990.

Terry L. Jordan, Irwin, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Shawn Calcagni has petitioned for review of an order of the Pennsylvania Board of Probation and Parole (Board) that dismissed as untimely his request for administrative relief from an order of the Board that recommitted him to a state correctional institution, when available, to serve forty months backtime as a convicted parole violator. The Board filed a motion with this Court to limit the issue on appeal to whether the Board erred by dismissing Calcagni's appeal as untimely. After considering the motion and an answer filed by Calcagni, this Court granted the motion by a per curiam order dated May 9, 1990. On May 11, 1990, the Board filed a certified record in this proceeding limited to (1) the original order of recommitment, (2) the request for administrative relief received by the Board thirty-four days after the mailing date of the recommitment order and (3) the order dismissing the request for administrative relief as untimely.

The request for administrative relief that Calcagni filed with the Board recites the following history of these proceedings. The Court of Common Pleas of Westmoreland County appointed attorney Terry L. Jordan to represent Calcagni by order dated July 29, 1989. Attorney Jordan met with Calcagni at the Westmoreland County Detention Center to prepare for a probation revocation hearing scheduled in the case for October 13, 1989. On the day that hearing was to take place, the Board notified attorney Jordan that the hearing was continued because the hearing officer's car broke down; the Board did not notify attorney Jordan of a new date for the hearing at that time.

The Board rescheduled the hearing for October 27, 1989, by a notice from the Hearing Controller dated October 20, 1989. A copy of that notice was appended to the request

for administrative relief. Certified Record (C.R.) 7. That notice indicates that a copy was sent to attorney Jordan. Attorney Jordan alleged that he never received the notice of the date of the rescheduled hearing, and he supported that allegation with affidavits to that effect by him and by his secretary (also attached to the request).

The hearing was conducted on October 27, 1989, without the presence of attorney Jordan. As a result of that hearing, the Board issued an order, mailing date December 22, 1989, recommitting Calcagni to serve forty months backtime as a convicted parole violator. C.R. 1. That order indicates that a copy was sent only to "SUPV—SNARE". *Id.*[1]

The request for relief further recites that attorney Jordan received the hearing notice dated October 20, 1989, from Calcagni on January 9, 1990. Attorney Jordan prepared the request for administrative relief from the Board's recommitment order dated December 22, 1989. That request bears a date of January 20, 1990. The Board received that request on January 25, 1990, as is stated in its order mailed March 1, 1990, dismissing the request as untimely. C.R. 8. Calcagni timely petitioned this Court for review of the order dismissing his request for administrative relief.

Administrative appeals of Board revocation decisions are governed by 37 Pa.Code § 73.1(a), which provides that appeals shall be received at the Board's Central Office within thirty days of the mailing date of the Board's order and that appeals that are not timely under the rules will not be received. The Board's regulations also provide, in 37 Pa.Code § 71.4, relating to conviction for a new criminal offense:

The following procedures shall be followed before a parolee is recommitted as a convicted violator:

. . . .

---

1. A "Mr. Snare" was also listed as having been sent a copy of the October 20 notice of the rescheduled hearing date. C.R. 7. He is apparently a supervisor in the Pittsburgh District Office of the Board.

(8) If revocation is ordered, the revocation decision shall be transmitted to the parolee and to counsel of record.

■ Although judicial extensions of time for taking an appeal will not be granted in the absence of fraud or its equivalent, negligence on the part of administrative officials may be deemed to be the equivalent of fraud. *Moore v. Pennsylvania Board of Probation and Parole*, 94 Pa.Commonwealth Ct. 527, 529, 503 A.2d 1099, 1101 (1986). In *Moore* a recommitment decision of the Board dated January 23, 1984, was mailed to the State Correctional Institution at Graterford, but the petitioner was incarcerated in the Philadelphia County Prison, and he did not receive personal notice of the decision until May 7, 1984. The Board conceded that fact, but argued that adequate notice had been given because the decision was also sent to the Philadelphia public defender's office, which had represented the petitioner in the recommitment proceedings. However, the record disclosed that the decision was sent either to an attorney other than the one who had represented the petitioner or to a clerical employee.

This court agreed with the Board that a mere allegation of failure to *receive* notice is insufficient cause for allowing a nunc pro tunc appeal. However, we observed:

[T]he law also holds that a failure to properly *send* a notice may amount to a breakdown in operations which is the equivalent of negligence on the part of administrative officials. See *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938). Here, as in Nixon, the averment that an error occurred in the administrative systems of a court, board or commission, has not been denied.

*Id.*, 94 Pa.Commonwealth Ct. at 530, 503 A.2d at 1101 (emphasis in the original).

■ In the present case, the recommitment order itself, C.R. 1, demonstrates that a copy of the order was sent only to "SUPV—SNARE" and not to Calcagni's attorney. That fact constitutes a violation of the requirements of 37 Pa. Code § 71.4(8), and it amounts to negligence on the part of administrative officials.

The Board notes that the fact that the request for administrative relief bears a date of January 20, 1990 (two days before the end of the appeal period), shows that Calcagni's attorney could have timely submitted the request had he employed hand delivery or an overnight delivery service or fax. For that reason, the Board asserts that it properly would have dismissed the appeal even if the request submitted had contained an application for nunc pro tunc consideration, which it did not. In *Nixon* the Supreme Court stated:

> '[T]he wrongful or negligent act of [an] official' (*Singer v. Del., L. & W. R.R. Co.*, 254 Pa. 502, 505 [98 A. 1059)] may be a proper reason for holding that, as to the injured person, the statutory period does not run and that the wrong may be corrected by means of a petition filed nunc pro tunc within a reasonable time.

*Nixon*, 329 Pa. at 260, 198 A. at 157. In our view, the certified record in this case demonstrates that Calcagni's attorney was not properly and timely notified of the Board's recommitment order, and his submission of the request for administrative relief only four days late was "within a reasonable time." The fact that the date on the request shows that it might have been possible to file the request within the appeal period does not vitiate the undenied failure of the Board to provide proper notice of the recommitment decision under the Board's own rules.

Accordingly, we vacate the order of the Board dismissing Calcagni's request for administrative relief as untimely and remand to the Board for consideration of the merits of the appeal.

## ORDER

NOW, November 13, 1990, the order of the Pennsylvania Board of Probation and Parole at Parole No. 6385–S, mailed March 1, 1990, is vacated, and this case is remanded to the

Board for consideration of the merits of the request for administrative relief filed by Shawn Calcagni.

Jurisdiction relinquished.