IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Chase,                            :
                    Petitioner            :
                                          :
          v.                              :    No.  1030 C.D. 2021
                                          :    Submitted: June 17, 2022
Pennsylvania Parole Board,                :
                    Respondent            :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  August 30, 2022


          Michael Chase (Petitioner) petitions for review of a decision of the
Pennsylvania Parole Board (Board) that recommitted him to prison after he was
convicted for new crimes while released on parole.  Acting on Petitioner's behalf,
the Erie County Office of the Public Defender (Counsel) initially filed a Petition
for Review (Petition) in this Court arguing that the Board committed numerous
errors in reaching its decision, including misclassifying Petitioner's new criminal
offenses as felonies and failing to grant Petitioner credit for time spent at liberty on
parole.  Now, Counsel seeks to withdraw from her representation of Petitioner,
indicating that his claims lack merit.  After careful review, we grant Counsel's
Application to Withdraw (Application) and affirm the Board's decision in part.

## I.

In 2013 and 2014, Petitioner pled guilty to numerous criminal offenses, resulting in an aggregate sentence of 2 years, 10 months, and 15 days to 7 years' imprisonment with a maximum release date of September 21, 2019. Certified Record (C.R.) at 4. On March 7, 2016, the Board ordered Petitioner's release on parole to a community corrections center.

On June 9, 2019, Edinboro Borough police arrested Petitioner on new charges of aggravated assault, strangulation, and simple assault. C.R. at 49. Petitioner failed to post bail and remained incarcerated on the new charges and the Board's detention warrant[1] while he awaited trial. The Board notified Petitioner of its intent to hold a detention hearing, but Petitioner waived his right to a hearing. On June 25, 2019, the trial judge reduced Petitioner's bail on the new charges to "released on your own recognizance," or ROR, but he remained incarcerated on the Board's detainer until his maximum sentence date, September 21, 2019. C.R. at 68. Shortly thereafter, on September 24, 2019, the Board issued an order declaring Petitioner "delinquent for control purposes," which authorized his detention until resolution of his new criminal charges. C.R. at 42; *see also* 37 Pa. Code § 71.3(1)(iv) (authorizing detention of parolee "pending disposition of a criminal charge" if he waives right to detention hearing).

On January 2, 2020, Petitioner pled guilty to strangulation and simple assault,[2] for which the trial judge sentenced him to two concurrent terms of 11

---

[1] Pursuant to the Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301, when a parolee is charged with a new crime while on parole, the Board automatically issues a warrant authorizing his arrest and detention. 61 Pa.C.S. § 6138(b)(1).

[2] 18 Pa.C.S. § 2718(a)(1) and 18 Pa.C.S. § 2701(a)(1), respectively.

months, 15 days to 23 months' incarceration (Erie County Sentence). On February 13, 2020, the Board issued a hearing report (Revocation Hearing Report) recommending that Petitioner be recommitted to serve 12 months of backtime[3] on his original sentence. The Board denied Petitioner credit for the approximately three years he had spent on parole based on the "assaultive . . . nature" of his new offenses and nonspecific "[drug and alcohol] issues."[4] C.R. at 63, 66.

On May 19, 2020, the Board issued an order adopting the Revocation Hearing Report's recommendations (Revocation Order). C.R. at 77. The Revocation Order cited Petitioner's "poor adjustment under supervision[,] pattern of parole failure," and recent criminal convictions as justification for his recommitment. *Id.* The Revocation Order also recalculated Petitioner's maximum sentence date to May 23, 2023, "subject to change." *Id.* The Revocation Order noted Petitioner would serve the 12 months of backtime recommended by the Revocation Hearing Report "when available pending parole from/completion of" the Erie County Sentence. *Id.*

With the assistance of Counsel, Petitioner filed a petition for administrative review of the Revocation Order (First Board Petition). C.R. at 83; *see also* 37 Pa. Code § 73.1(b) (prescribing procedure for administrative review of Board decisions). Therein, Petitioner argued the Board had "insufficient evidence" to support its imposition of 12 months of backtime and denial of credit for his "street

---

[3] "Backtime" is "an additional part of the term [of incarceration] which the parolee would have been compelled to serve had he not been paroled." 37 Pa. Code § 75.2; *see also* 37 Pa. Code § 61.1.

[4] We note the record indicates Petitioner had three positive tests for THC while at liberty on parole. C.R. at 19. "THC" stands for "tetrahydrocannabinol," which is the primary psychoactive ingredient in marijuana. Dorland's Illustrated Medical Dictionary 1876, 1878 (33d ed. 2020).

3

time."[5]  C.R. at 83.  Petitioner also contended the Revocation Order "failed to consider the sentence [he] received for [his] new convictions."  *Id.*  At the bottom of the First Board Petition, Counsel made a notation purportedly "reserv[ing] the right to amend" the Petition after the Board updated its calculation of Petitioner's maximum sentence date.  *Id.*

On October 12, 2020, the trial judge paroled Petitioner from his new sentence.  Two days later, the Board ordered Petitioner recommitted to begin serving backtime on his original sentence.  The Board's order (Recommitment Order) recalculated Petitioner's maximum sentence date to November 5, 2023 and confirmed he would not be granted credit for time spent on parole due to the "assaultive . . . nature" of his new criminal offenses.  C.R. at 81.

The Board did not mail the Recommitment Order to Petitioner until November 13, 2020.[6]  On December 18, 2020, Counsel filed what she labeled an "amendment" to the First Board Petition (Second Board Petition), which purportedly "incorporat[ed] the issues [raised] in that petition," while also adding a new argument that the Board should not have denied Petitioner credit for time spent at liberty on parole because doing so "supersed[ed] the intentions of the [sentencing] court and add[ed] punishment to [Petitioner] without therapeutic results or intents".  C.R. at 87.  The Board mailed a decision on August 13, 2021, that denied both the First Board Petition and the Second Board Petition (Final Board Decision).  Petitioner now appeals to this Court.

---

[5] "Street time" is a colloquial term that refers to time a parolee spends while released on parole.  *See Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 403 (Pa. Cmwlth. 2019).

[6] The deadline for an appeal from a decision of the Board is calculated from the date the decision is mailed, not the date it is decided.  37 Pa. Code § 73.1(a)(1).

4

## II.

On appeal from a decision of the Board, our review is limited to determining whether the Board violated Petitioner's constitutional rights, adhered to statutory law, followed the procedures for agency adjudications outlined in the Administrative Agency Law,[7] and supported its factual findings with substantial evidence. 2 Pa.C.S. § 704.

## III.

Counsel's Petition in this Court raises four issues:

1. Whether the Final Board Decision improperly labeled as felonies Petitioner's new convictions for strangulation and simple assault;

2. Whether the Board erred by failing to "consider [Petitioner's] individual circumstances as mitigation, including but not limited to the length of sentence received on [his] new conviction[s,]" when it imposed 12 months of backtime;

3. Whether the Board erred by failing to credit Petitioner for time spent at liberty on parole; and

4. Whether the Board overrode the authority of the sentencing judge for Petitioner's original offense by recalculating his maximum sentence to a date beyond his original maximum.

Petition ¶¶ 7-10.

## IV.

Before we reach the merits of the Petition, we are compelled to note part of Petitioner's appeal is not properly before this Court. Before appealing to this Court, Counsel filed two requests for administrative relief with the Board: Counsel filed the First Board Petition on June 12, 2020, after the Board issued the Revocation Order, then filed the Second Board Petition on December 18, 2020,

---

[7] *See* 2 Pa.C.S. §§ 501-508.

5

after the Board issued the Recommitment Order. The Final Board Decision addressed both of Counsel's petitions, but noted each petition was addressed to a different decision of the Board. *See* C.R. at 90. Lumping the petitions together in this fashion was not in accordance with the law and attempted to mask the untimely filing of the Second Board Petition.

It is well settled that an order of the Board revoking an inmate's parole and an order recalculating the inmate's maximum sentence date are separate and distinct actions of the Board, even if they relate to the same parole violation. *Woodard v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1144, 1146-47 (Pa. Cmwlth. 1990). "The first deals with the amount of backtime that will attach whenever the inmate is returned to state custody, and the second computes the actual reparole dates, which cannot be calculated until the inmate is returned to state custody." *Wright v. Pa. Bd. of Prob. & Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999).[8] Board regulations provide petitions for administrative review "shall be received at the Board's Central Office within 30 days of the mailing date" of the challenged decision. 37 Pa. Code § 73.1(b)(1). The regulations also explicitly state that "out of time" petitions for review "will not be received." 37 Pa. Code § 73.1(b)(3). When a petition for administrative review is untimely under these rules, the Board lacks jurisdiction to address it. *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) (citation omitted).

---

[8] This explanation of the difference between the two types of orders assumes the parole violator was originally paroled from a state sentence, then committed a county, federal, or foreign-jurisdiction offense while on parole. *See* 61 Pa.C.S. § 6138(a)(5)(iii). Given the contingencies of parole and other forms of early release, the Board cannot know ahead of time how long the violator will spend serving his new sentence. Accordingly, the Board often enters a revocation order first, upon learning of the new conviction, then follows up with a recomputation order after the violator has finished serving the new sentence or is otherwise released.

Here, the Board mailed the Revocation Order to Petitioner on May 22, 2020. C.R. at 77-78. This order revoked Petitioner's parole and imposed 12 months of backtime. It also recalculated his maximum sentence date, but noted that calculation was "subject to change," presumably based on when Petitioner would be released from the Erie County Sentence. C.R. at 77. By filing the First Board Petition on June 12, 2020, Counsel presented a timely challenge to the Revocation Order. Months later, on November 13, 2020, the Board mailed the Recommitment Order to Petitioner. This order adjusted Petitioner's maximum sentence date to November 5, 2023 and confirmed he would not be granted credit for time spent at liberty on parole. Accordingly, Counsel had until December 14, 2020 to file a timely challenge to the Recommitment Order, but ultimately filed the Second Board Petition on December 18, 2020. The record discloses two possible justifications for this untimely filing. First, Counsel's filings with the Board indicate she viewed the Second Board Petition as a mere "amendment" of the First Board Petition, which was timely filed. *See* C.R. at 83 (purporting to "reserve . . . right to amend" First Board Petition), C.R. at 86 (noting, in fax cover sheet to Second Board Petition, that "this document is the amendment to the originally filed document of June 12, 2020"). Notwithstanding Counsel's intentions, the fact remains that the Revocation Order and the Recommitment Order are distinct decisions of the Board that must be appealed separately. *See Woodard*, 582 A.2d at 1146-47; *Wright*, 743 A.2d at 1006. Because Petitioner did not appeal the Recommitment Order within the 30-day period prescribed by 37 Pa. Code § 73.1(b)(1), the Board lacked jurisdiction to consider the challenge to the recalculation of Petitioner's maximum sentence contained therein. *McCullough*, 256 A.3d at 471. It makes no difference that the Board failed to notice this defect

7

and proceeded to address the merits of the issue, as we have held that "where a tribunal issues an order in a case after the jurisdictional time limit for issuing such order has expired, any such order is a nullity." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 n.4 (Pa. Cmwlth. 1993) (quoting *Tillman v. Pa. Bd. of Prob. & Parole*, 409 A.2d 949 (Pa. Cmwlth. 1980)).

Counsel's second potential justification for her untimely filing is an assertion, made on a fax cover sheet sent to the Board, that her office did not receive the Recommitment Order until December 17, 2020. *See* C.R. at 86. Without further context, we are unsure what to make of this circumstance. It might suggest a delay in the mail, a failure of prison administration, or simply forgetfulness on Petitioner's part. While we sometimes allow for *nunc pro tunc* submission of untimely filings, *see Smith v. Pennsylvania Board of Probation & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013), Petitioner did not request *nunc pro tunc* relief from the Board or this Court. "[A] mere allegation of failure to receive notice [of a governmental order] is insufficient cause for allowing a *nunc pro tunc* appeal." *Calcagni v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1141, 1143 (Pa. Cmwlth. 1990). Accordingly, we are constrained to find that the Second Board Petition was untimely and that any Board action issued in response to it is a legal nullity. We therefore decline to address Petitioner's challenge to the recalculation of his maximum sentence contained in the Recommitment Order.[9, 10]

---

[9] This challenge is noted as issue number four in Section III, above.

[10] Even if the merits of this challenge were properly before us, we would find Petitioner's argument unavailing. Petitioner does not contend the Board *reached the wrong date* after crediting him for time spent in confinement awaiting trial on his new charges. *See* C.R. at 81 (noting maximum sentence date of November 5, 2023). Rather, he advances the long-discredited argument that, because the newly calculated date is in excess of the maximum sentence date on his original sentence, the Board has overridden the exclusive sentencing power of the trial judge.

8

## V.

We now turn to Counsel's Application. Counsel's burden in seeking to withdraw depends on whether Petitioner has a constitutional right to counsel in an appeal from the particular type of order he challenges here. As noted above, Petitioner's only timely appeal is from the Revocation Order, which revoked his parole, imposed 12 months of backtime, and denied him credit for time spent at liberty on parole. In exceptional cases, the Due Process clauses of both the United States and Pennsylvania constitutions guarantee parolees a right to counsel in appeals from revocation orders. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 24 (Pa. Cmwlth. 2009). Such a case arises when:

1) The parolee claims he did not commit the parole violation with which he is charged; or

2) Even if the violation itself is uncontested, there are substantial mitigating circumstances for the violation that make revocation inappropriate, and those circumstances are complex or difficult to present.

*Id.* (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Neither of these circumstances is present here. First, Petitioner admitted he committed the crimes with which he was charged while on parole, both by pleading guilty and through a direct admission to the Board. *See* C.R. at 54 (guilty plea), C.R. at 59 (written admission). Second, the record does not reveal any substantial mitigating circumstances for Petitioner's new crimes, much less any that are "complex or

---

*See* Petition ¶ 10. As we have said on numerous occasions, "when the Board imposes backtime, it does not alter a judicially-imposed sentence; it simply requires the prisoner to serve some or all of the time remaining on the original sentence." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 648 (Pa. Cmwlth. 2018) (citing *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012)). Therefore, "[t]he Board is authorized to recalculate the maximum date of a sentence beyond the original date where it is not adding to the total length of the sentence." *Id.* (citing *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018)).

9

otherwise difficult to present." *Gagnon*, 411 U.S. at 790. Thus, Petitioner does not have a constitutional right to counsel in this appeal.

Petitioner does, however, have a *statutory* right to counsel in proceedings pertaining to "parole . . . and revocation thereof." Section 6(a)(10) of the Public Defender Act, Act of Dec. 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10). Because Petitioner's right to counsel is statutory, Counsel must provide the Court with a "no-merit" letter to successfully withdraw. *Hughes*, 977 A.2d at 26. A no-merit letter "details 'the nature and extent of [counsel's] review[,] . . . list[s] each issue the petitioner wished to have raised,'" and provides an explanation why counsel believes those issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). Appointed counsel need not show the appeal is wholly frivolous—only that, after review, it lacks merit. *Hughes*, 977 A.2d at 26 n.4. If the Court agrees with counsel's assessment after conducting an independent review, leave to withdraw will be granted. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel has furnished the Court with a satisfactory no-merit letter (No-Merit Letter, filed Jan. 12, 2022), and followed all appropriate procedures for withdrawal. The letter outlines Petitioner's parole history, his new criminal convictions, and the various Board actions taken in response thereto. It then proceeds to list each issue raised in the Petition and provides "substantial reasons for concluding" each of them is meritless, including by citation to relevant statutes, regulations, and caselaw. *Jefferson v. Pa. Bd. of Prob. & Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998); No-Merit Letter at 5-7. Because Counsel's No-Merit

10

Letter complies with our precedents, we will now examine the substance of Petitioner's claims.

## VI.

### A. Backtime

Petitioner first challenges the Board's imposition of 12 months of backtime upon revocation of his parole. He argues the Board "failed to consider his individual circumstances as mitigation[,] including but not limited to the length of sentence received on the new conviction[s]." Petition ¶ 8. Other than noting the length of his new sentence—which was 11 months, 15 days to 23 months of incarceration—Petitioner does not indicate which "individual circumstances" the Board failed to consider. In any event, this issue lacks merit, as the Board's imposition of 12 months' backtime was within the presumptive range for Petitioner's conviction for simple assault.

The Board's regulations define certain ranges of acceptable backtime for various criminal offenses committed on parole. *See* 37 Pa. Code § 75.2. Because the General Assembly has given the Board broad authority to craft regulations of this kind, *see Chapman v. Pennsylvania Board of Probation & Parole*, 484 A.2d 413, 417-18 (Pa. Cmwlth. 1984), we will not entertain a challenge to a term of recommitment that falls within the applicable range for the crimes at hand. *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 388 (Pa. Cmwlth. 2019). In Petitioner's case, the Board imposed 12 months of backtime, which is within the presumptive range of 9 to 15 months for Petitioner's conviction for simple assault. 37 Pa. Code § 75.2. Petitioner was also convicted of strangulation, a crime for which there is no presumptive range. For such a crime, the Board is required to follow the presumptive range applicable to "the most closely related crime

category in terms of severity." 37 Pa. Code § 75.1(e). The Board did not specify any "closely related crime category" for strangulation in either the Revocation Hearing Report or the Revocation Order. *See* C.R. at 62, 77. Despite this omission, the Revocation Hearing Report selected a range of 6 to 12 months for the crime of strangulation. C.R. at 62. When a parole violator is convicted of multiple crimes, the Board may create an "aggregate" presumptive range by adding together the ranges for each applicable crime. *Ward v. Pa. Bd. of Prob. & Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988). Here, the Board imposed 12 months of backtime, which is within the presumptive range for simple assault, alone. Regardless of which "closely related crime category" the Board selected for the crime of strangulation, it would have been entitled to add the presumptive range for that category to the range defined for simple assault. Thus, given that the Board had the authority to go *beyond* the presumptive range for simple assault, the Board's imposition of a period of backtime *within* the range for simple assault is not an abuse of discretion. *Id.* ("This court will not interfere with the Board's discretion as long as the amount of backtime imposed . . . is within the applicable presumptive range.") (citation omitted). Therefore, we find Petitioner's challenge to the amount of backtime imposed by the Board to be without merit.[11]

---

[11] The Petition also raises the related argument that the Board's calculation of backtime was tainted by a misclassification of Petitioner's new crimes as felonies when they are actually misdemeanors. Petition ¶ 7. It is true that the Final Board Decision erroneously refers to both strangulation and simple assault as "F2" offenses. C.R. at 90. However, the Revocation Hearing Report correctly classifies each offense as a second degree misdemeanor. C.R. at 62; *see also* 18 Pa.C.S. § 2718(d)(1) (strangulation graded as misdemeanor of the second degree); 18 Pa.C.S. § 2701(b) (same for simple assault). This defeats Petitioner's argument because the Revocation Hearing Report determined the applicable presumptive ranges for his crimes. Despite its mistaken labeling of the offenses, the Final Board Decision did not alter these ranges, which we have already determined were lawful.

12

## B. Denial of Credit for "Street Time"

Next, Petitioner contends the Board erred by failing to award credit against his original sentence for time he spent at liberty on parole. As noted above, Petitioner was paroled on March 7, 2016, and remained at liberty until his arrest on June 9, 2019.

The Prisons and Parole Code gives the Board discretion to grant or deny credit to a convicted parole violator for time spent at liberty on parole, or "street time." 61 Pa.C.S. § 6138(a)(2.1). Our Supreme Court has held that, in order to effectuate parolees' constitutional right to a meaningful appeal from decisions of administrative agencies, the Board must provide a written rationale for any decision granting or denying this credit. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017). However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

The Board denied Petitioner credit for his street time based on the "assaultive nature" of his new crimes and his "[drug and alcohol] issues." C.R. at 63, 66. This explanation is terse, but it passes muster under *Pittman* and our precedent applying that decision. In *Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018), we held the Board had satisfied the *Pittman* rule by simply noting the parolee had "unresolved drug and alcohol issues." We reached this holding even though the Board did "not identify the incidents that created these 'issues.'" *Id.* Here, the Board provided the exact same rationale as in *Smoak*—nonspecific "drug and alcohol" issues—while noting the *additional* reason that Petitioner had committed a violent crime while released on parole. Given *Smoak*'s holding and the *Pittman* Court's pronouncement that "a single sentence explanation" will

13

suffice in most instances, we hold that the Board's explanation for denying Petitioner credit for his street time was sufficient.

## VII.

In conclusion, because we agree with Counsel that Petitioner's appeal lacks merit, we grant her Application and affirm the Board's decision in part. We vacate the Board's decision to the extent it purported to address Petitioner's untimely appeal of the Recommitment Order.

_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Chase,               :
                Petitioner   :
                             :
        v.                   :    No.  1030 C.D. 2021
                             :
Pennsylvania Parole Board,   :
                Respondent   :

# **O R D E R**

**AND NOW**, this 30th day of August, 2022, the Application to Withdraw as Counsel filed by Jessica A. Fiscus, Esquire, is hereby **GRANTED**, and the August 13, 2021 Order of the Pennsylvania Parole Board is hereby **AFFIRMED IN PART AND VACATED IN PART**.  The Board's Order is vacated to the extent it purported to address the merits of Petitioner Michael Chase's December 18, 2020 petition for administrative review, which was not timely filed.  The Board's Order is affirmed in all other respects.

                                    _____
                                    STACY WALLACE, Judge