IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dylan J. McKelvey, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1341 C.D. 2022 |
| | : | Submitted: October 10, 2023 |
| Pennsylvania Parole Board, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED:  January 26, 2024

        Dylan J. McKelvey (Parolee) petitions for review of an order of the Pennsylvania Parole Board (Board) dismissing his request for administrative relief (Administrative Remedies Form) as untimely. Parolee argues that the Board's conduct in mailing its recommitment decision (Recommitment Order) amounted to a breakdown of the administrative process, warranting *nunc pro tunc* relief. For the foregoing reasons, we affirm.[1]

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

On September 21, 2011, Parolee pleaded guilty to a litany of charges under the Crimes Code[2] for sexual offenses against a minor. Certified Record (C.R.) at 1. Further, on May 28, 2013, Parolee pleaded *nolo contendere* to six additional charges. C.R. at 1-2. All told, Parolee was sentenced to an aggregated 2 years, 11 months to 19 years incarceration, with a minimum sentencing date of August 4, 2013 and a maximum sentencing date of September 4, 2029. *Id.*

Parolee was released on parole from State Correctional Institution (SCI) – Coal Township on April 2, 2021.[3] C.R. at 78-80. As a stipulation of his release, Parolee signed special conditions pertaining to his parole. *Id.* at 81-85. In relevant part, Condition #7 provides: "***ATTITUDES/ORIENTATION***: YOU SHALL NOT DIRECTLY OR INDIRECTLY HAVE CONTACT WITH VICTIM(S), OR VICTIM'S FAMILIES, INCLUDING CORRESPONDENCE, TELEPHONE CONTACT, OR COMMUNICATION THROUGH THIRD PARTIES." *Id.* at 84 (emphasis in original).

On June 5, 2022, Parolee went to a flea market at which the victim of the aforementioned sexual offenses was present. C.R. at 93. The victim, in a sworn statement, averred that Parolee waved and smiled at her and then went to a third party's house to inquire about her, in violation of Condition #7. *Id.* These actions culminated in Parolee's arrest on June 8, 2022 for technical parole violations. *Id.* at 97-98. The Board lodged a detainer against Parolee on the same day. *Id.* at 92.

On August 26, 2022, the Board held a violation hearing at SCI – Coal Township, where Parolee was represented by Northumberland County Public

---

[2] 18 Pa. C.S. § 101-9546.
[3] The Board has paroled and recommitted Parolee as a technical parole violator on numerous occasions, but this Court limits its recitation of the facts to those necessary for disposition.

Defender Rob Verano (Attorney Verano). C.R. at 103-141. Parolee denied waving at the victim or inquiring about her at the home of the third party and introduced witness testimony to that effect. *Id*. at 132, 135.

Ultimately, after considering the evidence presented, the Board decided to recommit Parolee as a technical parole violator. C.R. at 88. The Board notified Parolee of its decision by letter (Recommitment Order) mailed on September 2, 2022. *Id*. at 88-91. The Recommitment Order states: "**IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER.** THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE SEC 73." *Id*. at 91 (emphasis added).

By letter dated September 1, 2022, the Board notified Parolee of additional special conditions applicable to future parole (Board Modification). The Board Modification provides in relevant part that Parolee "shall comply with supervision under the domestic violence protocol -- mandatory." C.R. at 174. The letter does not contain a postmarked date, but Parolee contends that he received this letter on September 14, 2022. *Id*. at 175.

Parolee filed the Administrative Remedies Form, which was received by the Board on October 14, 2022. C.R. at 175-180. Therein, Parolee appealed the Board Modification, because (1) the domestic violence protocol is inapplicable to him, given that the victim was a victim of sexual abuse and not domestic violence; and (2) to that end, the victim filed a Petition for Sexual Violence Protection Order, rather than a Petition for Domestic Violence Protection Order. *Id*. at 176. Moreover, concerning the underlying Recommitment Order, he objected to the Board's reliance

3

on the victim's statement in concluding that he violated the terms of his parole, because the statement was found to be inadmissible hearsay and was impeached by defense witness testimony. *Id*. at 177-178. Therefore, Parolee argues, the Recommitment Order was not supported by sufficient evidence, such that he "requests that his technical parole violation be overturned." *Id*. at 178.

> In a response mailed on October 28, 2022, the Board stated:
>
> The Board's regulation authorizing administrative relief states that administrative appeals must be received at the Board's central office within 30 days of the mailing date of the Board's decision. 37 Pa. Code §73.1. This means that you had until Monday, October 3, 2022 to object to the decision in question. The record reveals that your objection was neither received, nor was it submitted to the Board prison officials for mailing by that date. Your challenge therefore cannot be accepted and is hereby DISMISSED as untimely.

C.R. at 181. It is from this order that Parolee appeals, and thus, the sole issue presented in this matter is whether the Board erred when it dismissed Parolee's Administrative Remedies Form as untimely.

In relevant part, Parolee argues that the Board's conduct regarding notification of the Board Modification, and its dismissal of his Administrative Remedies Form, amounts to a "showing of fraud or a breakdown of the administrative process[.]" Petitioner's Brief at 10 (citing *Smith v. Pennsylvania Board of Probation and Parole,* 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013)). Consequently, Parolee argues that the Board should accept his untimely petition under an exception to the otherwise jurisdictional 30-day deadline. *Id*. Moreover, Parolee likens the instant case to *Calcagni v. Pennsylvania Board of Probation and Parole*, 582 A.2d 1141, 1143 (Pa. Cmwlth 1988), wherein this Court equated the Board's conduct with negligence sufficient to warrant an untimely appeal.

4

Petitioner's Brief at 10. Specifically, Parolee argues that (1) the Board failed to include a "mailed on" date on its Board Modification imposing new special conditions on future instances of parole and (2) failed to send a copy of either the Recommitment Order or Board Modification to Attorney Verano, as counsel of record. *Id*. Therefore, Parolee argues, these failures "[warrant] an exception to the [30-day] constraint set forth under the regulations." *Id*. Additionally, Parolee alleges that the Board lacked substantial evidence in deciding to recommit Parolee, because the hearing officer improperly relied on hearsay. *Id*.

In contrast, the Board argues that Parolee's appeal is limited solely to the Recommitment Order mailed on September 2, 2022, rather than the undated Board Modification. Respondent's Brief at 12. In essence, the Board views Parolee's challenge as contesting his violation of Condition #7, upon which his recommitment was based. *Id*. at 12-13. To the extent Parolee does challenge the Board Modification, the Board argues it is of no consequence: the Board Modification "does not include a mailing date because it is not an appealable decision. [The Board Modification] is not a recommitment or recalculation decision, it is simply making a modification to add additional parole conditions that [Parolee] would be subject to upon release." *Id*. at 9 n.1. As such, the Board contends that Parolee had until October 3, 2022, to appeal the Recommitment Order but it did not receive his Administrative Remedies Form until October 14, 2022. *Id*. at 12. Finally, the Board argues it provided competent notice to Parolee, because it sent the relevant Recommitment Order to Parolee and his private attorney, rather than Attorney Verano. *Id*.

First, to the extent that Parolee's Petition for Review seeks review of the Board Modification, a multitude of administrative remedies exist to challenge

5

the Board's imposition of special parole conditions.[4]  For example, Section 63.5(b) of the Board's regulations provides:

> If problems arise or questions occur concerning the conditions of parole, the parolee shall consult with the parole agent, as it is the responsibility of the latter to help the parolee in the interpretation of the conditions of parole. If a parolee is unable to contact his parole agent, he should contact the agent in charge of the district parole office.

37 Pa. Code §63.5(b).  *See also* Section 67.1(b) of the Board's regulations, 37 Pa. Code §67.1(b) (same); Section 35.5 of the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code §35.5 (providing for the filing of an informal complaint with administrative agencies, such as the Board); Section 35.9 of the GRAPP, 1 Pa. Code §35.9 (providing for the filing of a formal complaint with administrative agencies, such as the Board).  In *Jackson v. Pennsylvania Board of Probation and Parole*, 169 A.3d 1226, 1230 (Pa. Cmwlth. 2017), we observed that

---

[4] The record indicates that the Board's own administrative process for reviewing parole conditions precedes release; it does not attend the recommitment decision.  In fact, each of Parolee's prior releases were attended by a special conditions acknowledgment, which substantially provides:

> If you believe the above special conditions are inappropriate, you may submit a timely complaint in writing, first to the supervisor of the district office under which you are being supervised.  If the complaint is not resolved to your satisfaction, you may then submit your complaint in writing to the regional director.  If the complaint remains unresolved, you may submit a written request to the Deputy Executive Director, Office of Field Probation and Parole Supervision.  If your complaint is still not resolved to your satisfaction, you may then submit your complaint in writing to the Board Secretary for final disposition by the Board.

*See* C.R. at 23-24, 34-39, 40-41, 47-50, 67-71.

the failure to exercise the Board's administrative remedy concerning a condition challenge prevented judicial review under the doctrine of administrative exhaustion.

Even so, the Board's imposition of a special condition does not warrant judicial review. Although article V, section 9 of the Pennsylvania Constitution[5] guarantees a right of appeal from decisions rendered by an administrative agency like the Board, our courts have held that this right only extends to "adjudications." *Wheeler v. Pennsylvania Board of Probation and Parole*, 862 A.2d 127, 129 (Pa. Cmwlth. 2004). In the context of special conditions of parole,[6] we have noted:

> [O]ur Supreme Court has held that when the Board exercises its paroling power, that action is not adjudicatory in nature. . . . '[T]he definition of adjudication clearly and unambiguously provides that parole decisions are not ones which are subject to appellate review by the courts.' . . . It, therefore follows that when the Board imposes a condition of parole, which is really a 'lesser included power' within the general power to grant parole, its action cannot be deemed an 'adjudication' for purposes of appellate review.

---

[5] Article V, section 9 of the Pennsylvania Constitution, Pa. Const. art. 5, §9, provides:

> There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

[6] The parolee in *Wheeler*, 862 A.2d at 129, was appealing the Board's denial of his special parole condition challenge, such that the parolee had availed himself of an administrative remedy. Conversely, the parolee in *Jackson*, 169 A.3d at 1230, only challenged the special conditions of his parole after initially agreeing to them but then having been found to have violated them. Therefore, the *Wheeler* Court addressed whether the denial of an administrative challenge constituted an adjudication and the *Jackson* Court addressed whether our review was prevented by administrative exhaustion.

*Id.* at 129-30 (citing *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319 (Pa. 1999)). Taken together, Parolee has yet to exercise any of the aforementioned methods of administrative relief to challenge the special conditions being imposed in the Board Modification, and even if he had, the result would not be subject to our review. Consequently, our analysis turns solely on the timeliness of Parolee's appeal of the Recommitment Order.

To that end, the Board's regulations mandate that appeals or petitions for administrative review of a revocation decision must be received by the Board within 30 days of the Board order's mailing date. *See* 37 Pa. Code § 37.1(a)(1), (b)(1). Further:

> [T]his time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process. . . . A delay in filing an appeal that is not attributable to the parolee, such as the intervening negligence of a [third party] or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief."

*Smith*, 81 A.3d at 1094 (internal citations omitted).

Here, the Board mailed its Recommitment Order to Parolee on September 2, 2022. Therefore, Parolee had until October 3, 2022, to file his Administrative Remedies Form.[7] Because Parolee did not do so until October 14, 2022, the appeal was not timely "received" within the meaning of the Board's regulations.

Further, while Parolee correctly notes that we may grant *nunc pro tunc* relief to parolees where the Board's conduct amounts to fraud or its negligence

---

[7] October 2, 2022, fell on a Sunday, such that the 30-day deadline expired on October 3, 2022.

8

causes a breakdown in the administrative process,[8] that exception is not applicable here. Parolee's reliance on *Calcagni* demonstrates why. Therein, this Court noted "the law [] holds that a failure to properly *send* a notice may amount to a breakdown in operations which is the equivalent of negligence on the part of administrative officials." *Calcagni*, 582 A.2d at 1143 (citing *Nixon v. Nixon*, 329 A. 154, 157 (Pa. 1938)). Because the Board never sent a copy of the recommitment decision to the parolee's attorney, we ultimately granted *nunc pro tunc* relief. *Id*. at 1143. To reiterate, Parolee argues that, so too here, the Board's failure to send a copy of the Recommitment Order to his counsel of record should warrant the same. Petitioner's Brief at 10.

Critically, however, the *Calcagni* Court considered whether a breakdown of the administrative process occurred in the context of a *convicted* parole violator. *Calcagni*, 582 A.2d at 1142-43. Section 71.4(8) of the Board's regulations, 37 Pa. Code §71.4(8), states: "The following procedures shall be followed before a parolee is recommitted as a convicted violator: . . . If revocation is ordered, the revocation decision shall be transmitted to the parolee and to counsel of record." As such, in *Calcagni*, 582 A.2d at 1143, we found that the Board's failure "constitute[d] a violation of the requirements of 37 Pa. Code §71.4(8), and it amount[ed] to negligence on the part of administrative officials" sufficient to warrant relief. Thus, this Court's determination that the Board was negligent turned on its adherence to the procedure set forth by the regulations.

Yet, here, the Board recommitted Parolee as a *technical* parole violator. In this context, the regulations merely require that "[i]f revocation is ordered . . .

---

[8] *See Moore v. Pennsylvania Board of Probation and Parole*, 503 A.2d 1099, 1101 (Pa. Cmwlth. 1985); *Utegg v. Pennsylvania Parole Board of Probation and Parole*, 539 A.2d 65, 66 (Pa. Cmwlth. 1988).

9

[t]he decision shall be transmitted to the parolee *or* counsel of record." 37 Pa. Code §71.2(18) (emphasis added). Consequently, the Board satisfied the regulation's notice provision when it sent the Recommitment Order to Parolee. Its decision to also give notice to his private attorney, who was not counsel of record for the revocation hearing, was simply an added precaution that would have been insufficient on its own. Regardless, the regulation only required the Board to afford notice to Parolee. For this very reason, *nunc pro tunc* relief is not warranted and the Board did not err in dismissing Parolee's Administrative Remedies Form as untimely.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dylan J. McKelvey,            :
                                       :
                Petitioner   :
                                         :
         v.                         : No. 1341 C.D. 2022
                                         :
Pennsylvania Parole Board,     :
                                         :
              Respondent :

# **O R D E R**

AND NOW, this 26th day of January, 2024, the Pennsylvania Parole Board's October 28, 2022 decision is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge