IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Holcomb, :
                 Petitioner :
                 :
       v. : No. 534 C.D. 2024
                 : Submitted: July 7, 2025
Pennsylvania Parole Board, :
                 Respondent :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE STACY WALLACE, Judge
                   HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED:  September 4, 2025


James Holcomb (Holcomb) petitions for review of the March 26, 2024 order (Order) of the Pennsylvania Parole Board (Board) denying Holcomb's administrative appeal of the Board's November 18, 2022 decision revoking his parole and the Board's February 22, 2024 decision denying him parole. Because the Petition for Review was not timely filed, we quash.

## I.     Factual and Procedural History

Holcomb is currently a paroled offender under the control of the Department of Corrections.[1] Relevant to this appeal, in a decision dated November 8, 2022, and mailed November 18, 2022, the Board recommitted Holcomb as a convicted parole

---

[1] *See Inmate/Parolee Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited September 3, 2025).

violator. Certified Record (C.R.) at 26-27. Holcomb remained incarcerated, and the Board denied Holcomb parole on February 22, 2024. *Id.* at 30-31. Holcomb filed an administrative remedies form on March 21, 2024, appealing both the Board's November 18, 2022 recommitment decision and the Board's February 22, 2024 decision denying him parole. *Id.* at 50-51. On March 26, 2024, the Board issued an order (Order) dismissing the administrative appeal as unauthorized (as to the Board's February 22, 2024 denial of parole) and untimely (as to the November 18, 2022 recommitment decision). *Id.* at 71-72.

Holcomb filed a Petition for Review of the Order in this Court on May 2, 2024. Holcomb alleges the Board violated his due process rights in denying him parole and miscalculated his recommitment sentence by not crediting him for time he spent at liberty on parole. *See* Pet. for Rev. at 5-9; Holcomb's Br. at 2. On May 15, 2024, the Board filed an Application for Relief (Application) requesting this Court quash Holcomb's appeal of the Board's decision denying him parole because such decisions are not subject to judicial review. Holcomb filed an answer to the Application, and this Court entered an order on June 6, 2024, notifying the parties it would decide the Application with the merit of Holcomb's appeal. By order dated July 3, 2024, this Court also directed the parties to address in their briefs whether Holcomb's Petition for Review was untimely.

## II. Discussion

We review the Board's decision denying administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, the Board committed an error of law, or the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

2

We first address the timeliness of the Petition for Review. It is well established a petitioner must file a petition for review with this Court within 30 days after the entry of a Board order denying a petition for administrative review. *See Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 701 (Pa. Cmwlth. 1996). The Rules of Appellate Procedure also provide that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1). However, in the case of extraordinary circumstances, a court may permit a petitioner to file an appeal after 30 days by granting *nunc pro tunc* relief. *See Criss v. Wise*, 781 A.2d 1156 (Pa. 2001). Extraordinary circumstances warranting *nunc pro tunc* relief are fraud, a breakdown in a court's operations, or non-negligent circumstances that prevented a timely filing. *Id.* at 1159.

Holcomb acknowledges the 30-day period for an appeal of a Board decision is jurisdictional and cannot be extended absent extraordinary circumstances that warrant *nunc pro tunc* relief. Holcomb also acknowledges he filed his Petition for Review more than 30 days after the Board issued its Order. Holcomb did not file a petition seeking permission to file his Petition for Review after the deadline, but he has argued entitlement to *nunc pro tunc* relief in his Brief.

Holcomb, relying on *Calcagni v. Pennsylvania Board of Probation and Parole*, 582 A.2d 1141 (Pa. Cmwlth. 1990), argues there was a breakdown in the Court's operations because the Board failed to send him a copy of the Order denying his administrative appeal. In *Calcagni,* the Board did not send a represented party's *counsel* a copy of a *parole revocation order*. When the Board revokes a party's parole, the Board is required to transmit to "the parolee and to counsel of record" a revocation decision. 37 Pa. Code § 71.4. Here, unlike in *Calcagni*, Holcomb alleges

3

the Board did not directly send Holcomb a copy of the Order denying his administrative appeal. The Board's administrative review provisions state an order denying an administrative appeal becomes "final" after the Board "has mailed its response." 37 Pa. Code §73.1. However, the provisions do not require the Board to mail an order denying an administrative appeal to both a parolee and his counsel. *See* 37 Pa. Code § 73.1. Holcomb's counsel confirmed he received the Order sometime in April, and explained he needed "extra time" to complete the Petition for Review. Holcomb's Br. at 9. Consequently, Holcomb's delay was not caused by a breakdown in the Board's operations, *nunc pro tunc* relief is not warranted, and we quash Holcomb's Petition for Review. *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001) ("Quashal is usually appropriate where the order below was unappealable, . . . , the appeal was untimely, . . . or the Court otherwise lacked jurisdiction . . . .") (citations omitted).[2]

---

[2] Even if Holcomb had timely filed his Petition for Review, his appeal lacks merit. It is well settled an inmate does not have the right to appeal the denial of parole and has no constitutionally protected liberty interest in the expectation of being released before the expiration of his maximum sentence date. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766 (Pa. Cmwlth. 1997). The Board retains broad discretion in parole matters and is in the best position to determine whether an inmate is sufficiently rehabilitated to serve the remainder of his sentence outside a correctional institution. *Id*. Thus, the Board's decision to deny Holcomb parole is a matter wholly within the Board's discretion and is not subject to judicial review. Because a petitioner may not appeal a denial of parole, the Board properly found Holcomb could not appeal the Board's February 22, 2024 decision.

In contrast, an inmate does have a right to appeal when the Board revokes his parole and recommits him as a convicted parole violator. *See* 37 Pa. Code § 73.1. To do so, however, an inmate must file his appeal within 30 days of the mailing date of the Board's revocation order. *Id*. Here, the Board revoked Holcomb's parole and recalculated his maximum sentence date in a decision it mailed November 18, 2022. Holcomb did not attempt to appeal the Board's order until March 2024. Accordingly, the Board correctly found Holcomb's appeal was outside the 30-day limit and was, therefore, untimely.

4

**III.    Conclusion**

For the reasons set forth above, we quash Holcomb's Petition for Review.


_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Holcomb,                :
              Petitioner      :
                                :
       v.                       : No. 534 C.D. 2024
                                :
Pennsylvania Parole Board,      :
              Respondent    :

# **O R D E R**

    **AND NOW**, this 4th day of September 2025, James Holcomb's May 2, 2024 petition for review is **QUASHED** and the Pennsylvania Parole Board's May 15, 2024 Application for Relief is **DISMISSED** as moot.

 

                              _____
                              STACY WALLACE, Judge